IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| R.J. GROOVER CONSTRUCTION, LLC ) | Chapter 11 |
| ) | Case No. 08-40386-LWD |
| Debtor ) | |
| ) | |
| FIRST NATIONAL BANK ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| R.J. GROOVER CONSTRUCTION, LLC ) | |
| Respondent ) | |

MOTION FOR RELIEF FROM STAY OR FOR
AUTHORITY FOR DEBTOR TO EXECUTE DEED IN LIEU OF FORECLOSURE

Now comes the Movant, First National Bank("FNB"), a secured creditor of the Debtor, R.J. Groover Construction, LLC, (the "Debtor"), and respectfully shows the Court the following:

1.

On or about March 3, 2008, Debtor filed its bankruptcy petition under Chapter 11.

2.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334 and 11 U.S.C. §362.

3.

On or about August 21, 2007 Debtor executed a Promissory Note No. 400607200 in favor of FNB in the original principal amount of $200,047.63. A copy of the Note is attached hereto as Exhibit A. To secure this indebtedness, Debtor granted FNB a first priority Deed to Secure Debt in real property described as

312 East Hall Street, Savannah, Chatham County, Georgia ("312 East Hall Street"). A copy of the Deed to Secure Debt is attached hereto as Exhibit B.

4.

On or about October 12, 2007, Debtor executed a Promissory Note No. 400615500 in favor of FNB in the original principal amount of $600,250.00. A copy of the Note is attached hereto as Exhibit C. To secure this indebtedness, Debtor granted FNB a first priority Deed to Secure Debt in real property described as Lot 3 Solomon Avenue, Tybee Island, Chatham County, Georgia ("Lot 3 Solomon Avenue"). A copy of the Deed to Secure Debt is attached hereto as Exhibit D.

5.

Upon information and belief, Lot 3 Solomon Avenue is still titled in the name of the Debtor although it is not listed as an asset of the Debtor's bankruptcy estate, but rather referenced in the Debtor's Statement of Financial Affairs as being property of GSHP, LLC.

6.

On or about October 12, 2007, Debtor executed a Promissory Note No. 400615600 in favor of FNB in the original principal amount of $600,250.00. A copy of the Note is attached hereto as Exhibit E. To secure this indebtedness, Debtor granted FNB a first priority Deed to Secure Debt in real property described as Lot 5 Solomon Avenue, Tybee Island, Chatham County, Georgia ("Lot 5 Solomon Avenue"). A copy of the Deed to Secure Debt is attached hereto as Exhibit F.

7.

Upon information and belief, Lot 5 Solomon Avenue is still titled in the name of the Debtor although it is not listed as an asset of the Debtor's bankruptcy estate, but rather referenced in the Debtor's Statement of Financial Affairs as being property of GSHP, LLC.

8.

The foregoing three properties described above are hereafter referred to collectively as the Real Properties.

9.

On or about May 25, 2007 GSHP, LLC executed a promissory note no. 4005944000 in favor of FNB in the original amount of $480,236.00. A copy of the Note is attached hereto as <u>Exhibit G</u>. To secure this indebtedness, GSHP, LLC granted FNB a first priority Deed to Secure Debt in real property described as 203 A 5th Avenue, Tybee Island, Georgia ("203A 4th Avenue"). A copy of the Deed to Secure Debt is attached hereto as <u>Exhibit H</u>.

10.

Upon information and belief 203A 5th Avenue is owned by GSHP, LLC and is not an asset of the Debtor's estate although the Debtor listed said property on Schedule A.

11.

GSHP, LLC owes FNB approximately $490,000.00; the Debtor assigns a value of $492,500.00 to this property.

12.

FNB is the holder of three secured claims against the Debtor in the total net amounts of approximately $203,386.41;

$300,188.40 and $288,747.42 respectively. FNB is entitled to stay relief as, upon information and belief, there is little or no equity in the Real Properties which secure these loans, and the Real Properties are not needed in a reorganization effort by the Debtor.

13.

FNB is entitled to stay relief as to 203A 5th Avenue as the property is not an asset of the Debtor's bankruptcy estate and thus is not subject to the bankruptcy stay. Alternatively, if GSHP, LLC has conveyed 203A 5th Avenue to the Debtor, there is little or no equity in said property and FNB is entitled to stay relief.

WHEREFORE, First National Bank respectfully prays that upon final consideration of this Motion that;

1. All stays entered pursuant to 11 U.S.C. §362 shall be modified as to each of the Real Properties described above.

2. FNB, or any assignee of FNB, shall be permitted to exercise and enforce any and all of its rights against the Debtor under the loan documents and otherwise under applicable law with respect to the real properties described above, and (without limiting the generality of the foregoing) to proceed with any and all actions as may be appropriate to foreclose on the real properties and take possession thereof, to confirm the results of any foreclosure sale and otherwise to exercise its rights under the applicable law.

3. If acceptable to the Debtor and FNB, the Debtor is authorized to execute a deed in lieu of foreclosure as to all or

any of the real properties described above.

    4.    The ten-day stay required by Bankruptcy Rule 4001(a)(3) be waived.

This the day of 1st April ~~March~~, 2008.

                                  */s/ Kathleen Horne*
                                  Kathleen Horne, State Bar No. 367456
                                  Attorney for First National Bank

INGLESBY, FALLIGANT, HORNE, COURINGTON & CHISHOLM, P.C.
Post Office Box 1368
Savannah, Georgia 31402-1368
(912) 232-7000