# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 4 O'clock & 47 min. P.M
Date October 10, 2008

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

CK

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 11 Case |
| R. J. GROOVER CONSTRUCTION, LLC ) | |
| ) | Number <u>08-40386</u> |
| *Debtor* ) | |

| | |
|---|---|
| ) | Chapter 11 Case |
| ROBERT J. GROOVER, JR. ) | |
| TINA A. GROOVER ) | Number <u>08-40391</u> |
| ) | |
| *Debtors* ) | |

BUILDERS INSURANCE GROUP, INC. )
)
*Movant* )
)
)
v. )
)
R. J. GROOVER CONSTRUCTION, LLC, )
ROBERT J. GROOVER, JR. )
and TINA A. GROOVER )
)
*Respondents* )

### MEMORANDUM AND ORDER
### ON MOTION FOR RELIEF FROM STAY

R.J. Groover Construction, L.L.C. ("L.L.C.") and Robert J. Groover

("Groover"), as a joint petitioner with his wife, each filed for Chapter 11 on March 3, 2008.

On April 8, 2008, Mrs. Annette Karp filed for relief from the automatic stay in both cases

%AO 72A
(Rev. 8/82)

pursuant to 11 U.S.C. § 362(d)(1) to proceed with a property damage and personal injury action in state court naming both debtors as defendants. On May 21, 2008, Builders Insurance Group ("Builders") filed for relief from the automatic stay in both cases to proceed with a declaratory judgment action establishing whether L.L.C. and Groover have valid insurance coverage. On July 1, 2008, this Court conditionally granted Mrs. Karp's motion for relief from the automatic stay. After a hearing conducted on August 12, 2008, I enter the following Findings of Fact and Conclusions of Law on Builders' motion for relief from the automatic stay.

## FINDINGS OF FACT

L.L.C., a Georgia limited liability company, is engaged in the business of building homes in Chatham County, Georgia. On November 20, 2002, L.L.C. entered into a residential construction contract with Mrs. Karp for the construction of a residence at 3 6th Terrace Lane, Tybee Island, Georgia, 31328. L.L.C. started construction in January 2003 and left the job site on October 28, 2003. Brief in Opposition, Case No. 08-40386, Dckt.No. 30, Exhibit A (May 2, 2008).

On August 28, 2003, L.L.C. obtained a commercial general liability policy from Builders. Having effective dates of August 28, 2003 to August 28, 2004, the policy (No. 445000000545) has limits of $1,000,000.00 per occurrence, $1,000,000.00 for personal and advertising injury, $2,000,000.00 in general aggregate, and $2,000,000.00 in

2

products/completed operations aggregate. Brief in Opposition, Case No. 08-40386, Dckt.No. 30, pg. 32, Exhibit B.

On June 21, 2005, Mrs. Karp filed a complaint in state court against L.L.C. and Groover. Mrs. Karp alleged six claims: negligent construction; breach of warranty; breach of the construction contract; breach of an implied contract to properly build the home; fraud; and attorney's fees. Brief in Opposition, Case No. 08-40386, Dckt.No. 30, Exhibit A (May 2, 2008). Mrs. Karp argued in the complaint that the two defendants "made several errors during the construction of the residence, including installation of base molding before the tile was installed, failure to leave space for master bedroom television as contemplated by the building plans, installing the roof over the master bedroom in a manner that cause it to leak, etc." Id. Also, in the underlying litigation, Mrs. Karp pointed to mold and water intrusion, a problem which she argues makes the house uninhabitable. Brief in Opposition, Case No. 08-40386, Dckt. No. 30, pg. 2.

Builders was informed of Mrs. Karp's lawsuit, and the Debtors asked Builders to defend them in the underlying civil action and furthermore pay any and all sums within the policy limits asserted against them. Builders has reserved its rights under the insurance contract and is currently defending the above referenced civil action pursuant to the reservation of rights with respect to L.L.C. and Groover. Motion for Relief from Stay by Builders, Dckt.No. 42, pg. 3 (May 21, 2008).

3

%AO 72A
(Rev. 8/82)

On March 3, 2008, L.L.C. and Groover, with his wife, separately filed Chapter 11. On April 8, 2008, Mrs. Karp filed a motion for relief from stay in both bankruptcy cases "for purposes of proceeding with a property damage and personal injury action naming Debtor as a Defendant in Civil Action No. STCV05-01727 which was filed in the State Court of Chatham County, State of Georgia in June of 2005." Mrs. Karp asked that the stay be lifted to the extent insurance is available under the Builders insurance policy to satisfy a judgment in her favor. Motion for Relief from Stay by Annette Karp, Case No. 08-40386, Dckt. No. 18, pg. 1-3; Case No. 08-40391, Dckt.No. 30, pg. 1-3.

On May 21, 2008, Builders also filed for a motion for relief from stay in order to file a "Complaint for Declaratory and Equitable Relief" for a determination regarding its duties of defense and indemnity, if any, with respect to Mrs. Karp's claim. Builders argues

> that no coverage is available . . . for Mrs. Karp's claims. Mrs. Karp's claims do not trigger coverage under the policy because the claims do not give rise to an 'occurrence,' and/or Mrs. Karp does not claim 'bodily injury' or 'property damage' as required by the policy. Additionally certain of Mrs. Karp's claims are specifically excluded by the policy.
>
> Motion for Relief from Stay by Builders, Dckt.No. 42, pg. 3.

On July 1, 2008, this Court granted Mrs. Karp's motion for relief, subject

AO 72A
(Rev. 8/82)

to the following conditions:

> 1) Annette Karp may proceed in the prosecution of her State Court action against Debtors to conduct and conclude discovery, engage in motion and pre-trial proceedings, settlement discussions, and with trial of the case and appeal, if any, of the verdict.
>
> 2) Annette Karp is permitted to enforce any judgment only to the extent of applicable insurance coverage of the Debtors in these cases.
>
> 3) This authority is granted only for so long as a defense is provided to Debtors by Builders or other insurance, if any.
>
> 4) Should Builders deny coverage and cease to defend the State Court case, or should any declaratory judgment action be initiated by any party to determine the extent of insurance coverage, the relief afforded by this Order shall be stayed unless Annette Karp elects to underwrite the cost of litigation of that coverage issue at no cost to Debtors or the estate, and without the right to later assert any claim against Debtors or their estates.
>
> Memorandum and Order on Motion for Relief From Stay by Annette Karp, Dckt.No. 73, pg. 13-14.

In its motion for relief from stay, Builders argues that lifting the stay would be appropriate since resolving the declaratory judgment would avoid depleting the policy to the detriment of other potential claimants, and "continuation of the automatic stay will work a real and irreparable harm to [Builders since] [t]he stay may require the Movant to defend and indemnify the Debtor against the lawsuits, despite the fact that coverage for the claims

5

likely does not exist."

Builders also argues that relief could benefit Mrs. Karp because a determination that coverage exists would "make the policy limits available to satisfy any judgment that they might obtain." These available limits would also "benefit the estate and other creditors by either allowing Groover to emerge from bankruptcy, or by significantly reducing obligations to be satisfied from the estate assets, which could even allow for an early termination of the bankruptcy." Motion for Relief from Stay by Builders, Dckt.No. 42, pgs. 3-4.

In a supplemental brief, Builders argued that the filing of a declaratory judgment action will not disrupt the status quo. If relief was granted, Builders points out that Mrs. Karp would have to underwrite the costs of defending the litigation and that even if the state court determines that coverage does not exist, Mrs. Karp will not be allowed to recover from the estate without the court's permission.

Builders argues that "it would be forced to expend thousands of dollars defending Groover and pay a judgment where coverage for Mrs. Karp's claims are in extreme doubt." It also points out that "[i]f Builders is denied relief from the stay . . . Builders will be faced with the unenviable choice of continuing to defend Mrs. Karp's claims for which no coverage likely exists or denying coverage and withdrawing its defense of

AO 72A
(Rev. 8/82)

Groover and face the possibility of a bad faith action and harsh penalties." In addition, Builders states that "[i]f Builders is not granted relief to immediately initiate a declaratory judgement action, the coverage issue will be mooted, and its right to have the coverage issue determined will be lost." Supplemental Brief, Dckt.No. 111 (September 5, 2008).

## CONCLUSIONS OF LAW

Section 362(d)(1) of the Bankruptcy Code permits a bankruptcy court to terminate, annul, modify or condition the stay for "cause." The party opposing the stay relief has the ultimate burden of disproving the existence of "cause." 11 U.S.C. § 362(g)(2). However, the movant has the initial burden to show that "cause" exists. Section 362(d)(1) does not define "cause," so a bankruptcy court must determine "cause" based on the totality of the circumstances. In re George, 315 B.R. 624, 628 (Bankr.S.D.Ga. 2004)(Davis, J.).

In determining whether to lift the automatic stay so a party may commence or continue litigation in another forum, most courts "balance the hardship to the [movant], if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." In re Carraway Methodist Health Sys., 355 B.R. 853 (Bankr.N.D.Ala. 2006). In applying this balancing test, courts have considered numerous factors:

> (1) whether relief would result in a partial or complete resolution of the issues;

7

AO 72A
(Rev. 8/82)

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of the harms.

In re Groover, Ch.11, Case Nos. 08-40386 & 08-40391, pg. 6-7 (July 1, 2008) (citations omitted).

In weighing these factors, this Court does not need to specifically address each of them, but instead only needs to consider those factors relevant to the particular case, and does not need to assign them equal weight. Id. at 7.

AO 72A
(Rev. 8/82)

Here, Builders has not made a *prima facie* showing that "cause" exists. First, Builder's declaratory judgment action is not ready for trial. (Factor # 11). No discovery or any pre-trial activities have begun since Builders has not yet filed a complaint. Indeed, Builders never initiated any such action for nearly three years between the filing of Ms. Karp's action and Debtors filing bankruptcy. *See* <u>Sonnax Indus., Inc., v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280, 1287 (2d Cir. 1990)(declining to lift stay in part because "the litigation in state court has not progressed even to the discovery stage."); <u>Arnold Dev., Inc.v. Collins (In re Collins)</u>, 118 B.R. 35, 38 (Bankr.D.Md. 1990)(declining to lift stay where parties in state court proceeding had not yet begun discovery).

Second, denying Builder's motion may well avoid duplicitive litigation. (Factor # 10). "[P]rinciples of judicial economy require that, without good reason, judicial resources should not be spent by duplicitous litigation, and that a lawsuit should only be tried once, if one forum with jurisdiction over all parties involved is available to fully dispose of all issues relating to the lawsuit." <u>Smith v. Tricare Rehab. Sys., Inc., (In re Tricare Rehab. Sys., Inc.)</u>, 181 B.R. 569, 574 (Bankr.N.D.Ala. 1994). If I deny Builder's motion and Debtor/Builders wins the underlying case, the coverage issue will never have to be tried, which avoids the necessity of a second lawsuit entirely. If I deny Builder's motion and Mrs. Karp wins the underlying case, Mrs. Karp will attempt to recover her judgment from the insurance company, and the insurance company will present noncoverage as a defense. While

✎AO 72A
(Rev. 8/82)

in this event there will be a second lawsuit, this later dispute will be exclusively between non-debtor third parties.

Third, there is no great prejudice to Builders if I deny the motion for relief. (Factor # 12). Builders argues that the coverage issue will be moot if the underlying case reaches judgment thus the noncoverage must be brought prior to judgment. If that argument were true, relief would be appropriate, but that argument is not correct.

It is the law of Georgia and the general rule supported by the great weight of authority that if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage. The general rule of estoppel is limited by the principle that a liability insurer may avoid the operation of the rule by giving the insured timely notice that, notwithstanding its defense of the action against him it has not waived the defenses available to it against the insured. Such notice, to be effective, must fairly inform the insured of the insurer's position, and must be timely, although delay in giving notice will be excused where it is traceable to the insurer's lack of actual or constructive knowledge of the available defense.

State Farm Mut. Auto. Ins. Co. v. Anderson, 104 Ga.App. 815, 818, 123 S.E.2d 191, 193 (Ga. App. 1961).

In none of the cases cited by Builders and none examined by this Court has it been held that

AO 72A
(Rev. 8/82)

when an insurer defends an action after giving the insured timely and sufficient notice of its reservation of rights, the insurer is later estopped to deny liability for a judgment against the insured or a third party claimant. While a declaratory judgment action may not be the proper post-judgment vehicle, the insurer may still defend on the merits if and when the insured or claimant beings a breach of contract suit for Builders refusal of payment. Morgan v. Guar. Nat. Cos., 268 Ga. 343, 345, 489 S.E.2d 803, 806 (Ga. 1997).  As long as Builders has properly reserved its rights to assert noncoverage as a defense in Mrs. Karp's lawsuit, Georgia law allows Builders to assert the defense even after judgment has been entered in the underlying lawsuit. State Farm Mut.Auto. Ins. Co. v. Wright, 137 Ga.App. 819, 224 S.E.2d 796 (Ga.App. 1976)(court allowed insurer to assert non-coverage since there was a valid reservation of rights even though insurer defended up to and through the final judgment); State Farm Mut. Auto. Ins. Co. v. Anderson, 107 Ga.App. 348, 130 S.E.2d 144 (Ga. App. 1963)(held for insurer and found that there was no coverage even though insurer defended action up to and through final judgment because insured made a material misrepresentation in the application obligating insurer to pay judgment against defendant); see Colonial Oil Indus. Inc. v. Underwriters, 268 Ga. 561, 491 S.E.2d 337 (Ga. 1997)(held insurer is allowed to assert noncoverage defense even after it breached the duty to defend insured and after insured settled with plaintiff); Jacore Systems, Inc. v. Central Mutual Insurance Co., 194 Ga.App. 512, 390 S.E.2d 876 (Ga. App. 1990)(The insurer defended a state court suit on behalf of the defendant.  Both parties entered into a reservation of rights agreement.  After defending insured, insurer paid a settlement in that case.  A second case

was filed in federal court, insurer again entered into a reservation of rights agreement and defended on behalf of the defendant. A settlement was reached, but the insurance company refused to pay the settlement asserting noncoverage. Court denied plaintiff's summary judgment motion based on estoppel because insurance company had validly reserved its rights to assert noncoverage despite the fact that insurance company had paid a settlement in an earlier case.).

As a result, the only actual harm Builders asserts is that it will incur costs for funding Debtors' defense in the underlying litigation. However, cost of defending an action is but one factor for the court to consider and standing alone does not constitute grounds for denying or granting Builder's motion for relief from the automatic stay. "The cost of defending litigation, by itself, has not been regarded as constituting 'great prejudice.'" Davis v. Day (In re Day), slip op., 2004 WL 2191632, at *1 (Bankr.S.D.Ga. Jan. 29, 2004)(Davis, J.)(citations omitted). Thus, without any other harm shown by Builders, this argument does not warrant granting Builders motion. *See also* Walker v. Wilde (In re Walker), 927 F.2d 1138, 1143 (10th Cir. 1991)("no case has found the cost of defending, by itself, to be 'great prejudice' as to bar modification of the [section 362] stay."); In re McNew, slip op., 2002 WL 32114482, at *3 (Bankr.E.D.Ark. July 1, 2002); In re Marvin Johnson's Auto Serv., Inc., 192 B.R. 1008, 1016 (Bankr.N.D.Ala. 1996); World Bazaar Franchise Corp. v. Benbo of Ga., Inc. (In re Benbo of Ga., Inc.), slip op., 1992 WL 12004318, at *3 (Bankr.S.D.Ga. March 2, 1992)(Dalis, J.); In re Anton, 145 B.R. 767, 770 (Bankr.E.D.N.Y.

AO 72A
(Rev. 8/82)

1992); Wilson v. Unioil (In re Unioil), 54 B.R. 192, 195 (Bankr.Colo. 1985); In re Westwood Broad., Inc., 35 B.R. 47, 49 (Bankr.Hawaii 1983).

Fourth, granting relief from stay may not afford a complete resolution on the issues and could delay Debtor's reorganization efforts. (Factor # 1). If Mrs. Karp chooses not to fund the defense of this declaratory action, her underlying litigation will be re-subjected to the automatic stay, a situation which leaves her with two options: (1) she must then ask for an unconditional relief from the automatic stay to proceed with her litigation or (2) she must file a claim in bankruptcy court and face objections to her claim. Neither of these options are acceptable.

The first would clearly harm the bankruptcy estate financially and would be at cross purposes to the intent of my earlier order on Mrs. Karp's motion. The second would place these two protracted disputes before this Court, where in the interest of justice, comity and judicial convenience, they do not belong. Both actions are classic state law claims which I consistently abstain from hearing in favor of state court resolution. *See* 28 U.S.C. §1334(c)(1)("Nothing in this section prevents a district court [or bankruptcy court] in the interest of justice, or in the interest of comity with State courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to cases under title 11."); In re Fussell, 303 B.R. 539, 547 (Bankr.S.D.Ga. 2003)(Davis, J.); In re Chadwick, 296 B.R. 876, 883 (Bankr.S.D.Ga. 2003)(Davis, J.).

AO 72A
(Rev. 8/82)

In light of the foregoing, this Court denies Builder's motion for relief from stay.

**O R D E R**

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Motion for Relief from Stay filed by Builders Insurance Group is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This __10th__ day of October, 2008.

AO 72A
(Rev. 8/82)