# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

In the matter of:             )
                                            )         Chapter 11 Case

R. J. GROOVER CONSTRUCTION, LLC   )
                                            )         Number <u>08-40386</u>

           *Debtor*               )


                                            )         Chapter 11 Case

ROBERT J. GROOVER, JR.           )
TINA A. GROOVER                )         Number <u>08-40391</u>
                                            )

           *Debtors*              )


BUILDERS INSURANCE GROUP, INC.    )
                                            )

           *Movant*              )
                                            )

v.                                               )

R. J. GROOVER CONSTRUCTION, LLC,   )
ROBERT J. GROOVER, JR.           )
and TINA A. GROOVER            )
                                            )

           *Respondents*       )

FILED
at 2 O'clock & 10 min P M
Date 12/22/08 cc
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

### MEMORANDUM AND ORDER
### ON MOVANT'S MOTION FOR RECONSIDERATION
### OR IN THE ALTERNATIVE TO EXTEND TIME TO APPEAL

       R.J. Groover Construction, L.L.C. ("L.L.C.") and Robert J. Groover

("Groover"), as a joint petitioner with his wife, each filed for Chapter 11 on March 3, 2008.

On April 8, 2008, Mrs. Annette Karp filed for relief from the automatic stay in both cases pursuant to 11 U.S.C. § 362(d)(1) to proceed with a property damage and personal injury action in state court naming both debtors as defendants. On May 21, 2008, Builders Insurance Group ("Builders") filed for relief from the automatic stay in both cases to proceed with a declaratory judgment action establishing whether L.L.C. and Groover have valid insurance coverage. On July 1, 2008, this Court conditionally granted Mrs. Karp's motion for relief from the automatic stay. On August 12, 2008, a hearing was held on Builders' motion for relief from stay, and this Court entered an order on October 10, 2008 denying Builders' motion. On November 7, Builders filed a motion for this Court to reconsider its order or in the alternative extend the time for Builders to appeal the order. I now enter the following Findings of Fact and Conclusions of Law on Builders motion for reconsideration or in the alternative to extend time to appeal.

## FINDINGS OF FACT

L.L.C., a Georgia limited liability company, is engaged in the business of building homes in Chatham County, Georgia. On November 20, 2002, L.L.C. entered into a residential construction contract with Mrs. Karp for the construction of a residence at 3 6th Terrace Lane, Tybee Island, Georgia, 31328. L.L.C. started construction in January 2003 and left the job site on October 28, 2003. Brief in Opposition, Case No. 08-40386, Dckt.No. 30, Exhibit A (May 2, 2008).

2

On August 28, 2003, L.L.C. obtained a commercial general liability policy from Builders. Having effective dates of August 28, 2003 to August 28, 2004, the policy (No. 445000000545) has limits of $1,000,000 per occurrence, $1,000,000 for personal and advertising injury, $2,000,000 in general aggregate, and $2,000,000 in products/completed operations aggregate. Brief in Opposition, Case No. 08-40386, Dckt.No. 30, pg. 32, Exhibit B.

On June 21, 2005, Mrs. Karp filed a complaint in state court against L.L.C. and Groover. Mrs. Karp alleged six claims: negligent construction; breach of warranty; breach of the construction contract; breach of an implied contract to properly build the home; fraud; and attorney's fees. Brief in Opposition, Case No. 08-40386, Dckt.No. 30, Exhibit A (May 2, 2008). Mrs. Karp argued in the complaint that the two defendants "made several errors during the construction of the residence, including installation of base molding before the tile was installed, failure to leave space for master bedroom television as contemplated by the building plans, installing the roof over the master bedroom in a manner that cause it to leak, etc." Id. Also, in the underlying litigation, Mrs. Karp pointed to mold and water intrusion, a problem which she argues makes the house uninhabitable. Brief in Opposition, Case No. 08-40386, Dckt. No. 30, pg. 2.

Builders was informed of Mrs. Karp's lawsuit, and both Debtors asked Builders to defend them in the underlying civil action and furthermore pay any and all sums

3

within the policy limits asserted against them.  Builders has reserved its rights under the insurance contract and is currently defending the above referenced civil action pursuant to the reservation of rights with respect to L.L.C. and Groover.  Motion for Relief from Stay by Builders, Dckt.No. 42, pg. 3 (May 21, 2008).

On March 3, 2008, L.L.C. and Groover, with his wife, separately filed Chapter 11.  On April 8, 2008, Mrs. Karp filed a motion for relief from stay in both bankruptcy cases "for purposes of proceeding with a property damage and personal injury action naming Debtor as a Defendant in Civil Action No. STCV05-01727 which was filed in the State Court of Chatham County, State of Georgia in June of 2005." Mrs. Karp asked that the stay be lifted to the extent insurance is available under the Builders insurance policy to satisfy a judgment in her favor.  Motion for Relief from Stay by Annette Karp, Case No. 08-40386, Dckt. No. 18, pg. 1-3; Case no. 08-40391, Dckt.No. 30, pg. 1-3.

On May 21, 2008, Builders also filed a motion for relief from stay to file a "Complaint for Declaratory and Equitable Relief" for a determination regarding its duties of defense and indemnity, if any, with respect to Mrs. Karp's claim. Builders argued

> that no coverage is available . . . for Mrs. Karp's claims. Mrs. Karp's claims do not trigger coverage under the policy because the claims do not give rise to an 'occurrence,' and/or Mrs. Karp does not claim 'bodily injury' or 'property damage' as required by the policy. Additionally certain of Mrs. Karp's claims are specifically

4

excluded by the policy.

Motion for Relief from Stay by Builders, Dckt.No. 42, pg. 3.

On July 1, 2008, this Court granted Mrs. Karp's motion for relief, subject to the following conditions:

1) Annette Karp may proceed in the prosecution of her State Court action against Debtors to conduct and conclude discovery, engage in motion and pre-trial proceedings, settlement discussions, and with trial of the case and appeal, if any, of the verdict.

2) Annette Karp is permitted to enforce any judgment only to the extent of applicable insurance coverage of the Debtors in these cases.

3) This authority is granted only for so long as a defense is provided to Debtors by Builders or other insurance, if any.

4) Should Builders deny coverage and cease to defend the State Court case, or should any declaratory judgment action be initiated by any party to determine the extent of insurance coverage, the relief afforded by this Order shall be stayed unless Annette Karp elects to underwrite the cost of litigation of that coverage issue at no cost to Debtors or the estate, and without the right to later assert any claim against Debtors or their estates.

Memorandum and Order on Motion for Relief From Stay by Annette Karp, Dckt.No. 73, pg. 13-14.

On October 10, 2008, this Court denied Builders' motion for relief from the

automatic stay to proceed with a declaratory judgment action establishing whether L.L.C. and Groover have valid insurance coverage.  This Court denied the motion for the following reasons: (1) Builders' declaratory judgment action was not ready for trial; (2) denying Builders' motion "may well avoid duplicative litigation;" (3) there was no great prejudice to Builders if this Court denied the motion for relief; and (4) granting relief from stay would not afford a complete resolution of the issues and could delay Debtor's reorganization efforts. Order, Case No. 08-40391, Dckt.No. 119; Case No. 08-40386, Dckt. No. 124.

Prior to October 10, 2008, The Honorable Hermann W. Coolidge had set an October 29, 2008, trial date in the underlying state court litigation.  Annette H. Karp v. Robert J. Groover and R.J. Groover Construction, L.L.C., State Court of Chatham County, State of Georgia, Civil Action No. STCV05-01727. On October 27th, 2008, Judge Coolidge held a pre-trial/settlement conference with the parties to the civil action.  Mrs. Karp and her counsel, Brent Savage and Steven E. Scheer, attended the conference, and Alec T. Galloway attended the conference on behalf of Debtor.  The adjuster for Builders was made available via telephone.

During that conference, the issue of insurance coverage was discussed. However, Mrs. Karp and her counsel were not aware that this Court had entered the Order denying Builders' motion to file a declaratory judgment action.  Because of an inexplicable oversight by the staff of this Court, counsel for Mrs. Karp did not receive any notice from

6

this Court that the order had been entered.  Builders, however, had been served fifteen days

earlier with a copy of that order.  *See* HTML version of BNC Certificate of Mailing,

Dckt.No.120 (October 12, 2008); Response to Builders' Motion to Reconsider, Dckt.No.

130, Exhibit A & B.  Counsel for Mrs. Karp later learned of the entry of the of the Order

through a telephone call with W. Jason Pettus, counsel for Builders, on Friday October 31,

2008.  Response to Builders' Motion to Reconsider, Dckt.No. 130, Exhibit B.


       Acting in justifiable ignorance of the fact that Builders' motion for relief

from stay to litigate the coverage issue had been denied by this Court, Mrs. Karp and her

counsel asked Judge Coolidge, with Builders' consent, to continue the underlying state court

case until after either the insurance coverage had been resolved or this Court had denied

Builders' motion for relief from stay.  Response to Builders' Motion to Reconsider, Dckt.No

130, pg.1-3, Exhibit A & B (November 20, 2008).  Had Mrs. Karp and her counsel known

that this Court had already entered the order, they would have elected to proceed with the

trial.  Id., Exhibit A.   After the pretrial/settlement conference, Builders filed a motion on

November 7, 2008, for reconsideration or in the alternative, to extend the time to appeal this

Court's order denying its motion for relief from the automatic stay.


## CONCLUSIONS OF LAW

### 1. Motion for Reconsideration

Federal Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure

AO 72A
(Rev. 8/82)

60(b) ("Rule 60(b)") into bankruptcy proceedings.  Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
>
> Fed.R.Civ.P. 60(b)

Relief under Rule 60(b) may be granted "only upon an adequate showing of exceptional circumstances." In re Michael, 285 B.R. 553, 554 (Bankr.S.D.Ga. 2002)(Davis, J.)(*quoting* Richards v. Aramark Servs., Inc., 108 F.3d 925, 927 (8th Cir. 1997)(citations omitted)). "When interpreting Rule 60(b), a court should be mindful of the Rule's purpose construing it liberally while recognizing that it is no substitute for an appeal." Drake v. Dennis (In re Dennis), 209 B.R. 20, 25 (Bankr.S.D.Ga. 1996)(Davis, J.)(citation omitted).  "The movant bears the burden of showing that one of the grounds set forth in Rule 60(b) exists, and a decision whether to permit application of the rule is within the sound discretion of the presiding court." In re Michael, 285 B.R. at 555(citation omitted).

8

Builders has not asserted which of the above six grounds it is relying on. Instead, Builders makes the following arguments in support of its motion for reconsideration: (1) the State Court "has expressed it is not judicially economical to participate in a week long trial only to find out that [Mrs. Karp] cannot recover because there is no insurance coverage;" (2) "Mrs. Karp was the primary party objecting to Builders' Motion, not Groover"; (3) "allowing the declaratory judgment action could prevent duplicative litigation, if it is found that no coverage exists for Mrs. Karp's claims"; and (4) Builders will be subject to great harm since denying Builders ability to file a declaratory judgment action "places Builders in a position of denying coverage. This will only foster litigation." Motion, Dckt.No. 124, pgs. 4-5

These arguments do not justify a reconsideration of my previous order. First, even if Judge Coolidge had expressed his preference to permit the declaratory judgment action to proceed prior to trying the underlying state court litigation, a desire which Mrs. Karp's attorneys contend is not accurate, he would have made that preference known without any knowledge that this Court had already denied Builders' motion for relief from the automatic stay. As a result, this ground is frivolous.

Second, in determining whether to lift the automatic stay so a party may commence or continue litigation in another forum, most courts "balance the hardship to the [movant], if he is not allowed to proceed with his lawsuit, against potential prejudice to the

debtor, debtor's estate and other creditors." In re Carraway Methodist Health Sys., 355 B.R. 853 (Bankr.N.D.Ala. 2006). As a result, in the previous order, this Court had to balance the hardship to the debtor, the debtors' estates and other creditors regardless of whether a third party, or no party, files an objection.

Third, Builders' last two arguments have already been litigated and addressed in the previous order.   A motion for reconsideration "is no substitute for an appeal." In re Dennis, 209 B.R. at 25.   As a result of the foregoing, this Court denies Builders' motion for reconsideration.

## 2. Motion to Extend Time to Appeal

Under Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed within ten days of entry of the underlying order.  Builders did not file a notice of appeal during that time period.  However, Rule 8002 provides for the possibility of extending that time period.  First, under Rule 8002(c)(2), an extension may be granted for up to twenty days where the request is filed before the expiration of the deadline.  This extension does not apply in the present case because the motion for extension was filed after the ten day period.

Second, Rule 8002(c)(2) further provides that within twenty days after the expiration of the ten day deadline, an extension can be granted upon a showing of "excusable

10

AO 72A
(Rev. 8/82)

neglect." Since this motion was indeed filed within that time period, this Court is left to determine whether Builders has established "excusable neglect" for his failure to file notices of appeal or to request an extension of the appeal period prior to the 10-day expiration. *See* In re Spiegel, Inc., 385 B.R. 35, 39 (S.D.N.Y. 2008)(Party seeking extension of time in which to file notice of appeal from bankruptcy court order has burden of establishing excusable neglect).

In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, the United States Supreme Court examined the standard of "excusable neglect" under Fed.R.Bankr.P. 9006(b)(1) and held that whether neglect can be considered "excusable" is an equitable determination, "taking into account of all relevant circumstances surrounding the party's omission." The Court specifically articulated the following factors to be among those relevant in this determination: (1) danger of prejudice to the debtor; (2) the length of delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).

Although there is a split among courts, the majority of Circuit Courts have found that Pioneer's "excusable neglect" standard also applies to cases involving Rule 8002(c)(2). Thus, I adopt this finding. *See* In re Lang, 414 F.3d 1191, 1200 (10th Cir. 2005); In re Pipco Fruit Co., slip op., 1997 WL 537511, at *1 (9th Cir. Aug. 27, 1997);

11

Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997); Christopher v. Diamond Benefits Life Ins. Co. (In re Christopher), 35 F.3d 232, 235-36 (5th Cir. 1994); In re Cruey, slip op., 1994 WL 567918, at *1-2 (4th Cir. Oct. 18, 1994); Duncan v. Washington, slip op., 1994 WL 232397, at *2-3 (6th Cir. May 27, 1994); In re Shephards Hill Dev. Co., 316 B.R. 406, 414-15 (1st Cir. B.A.P. 2004).

Undoubtedly, Builders' counsel neglected to file a notice of appeal within the 10 day time period established by Rule 8002(a). Therefore, the issue here is whether Builders' neglect is "excusable" under the Pioneer standard. I hold that Builders' neglect is not excusable for the following reasons.

"[A]mong the factors enumerated in Pioneer, by far the most critical is the asserted reason for the mistake." Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)(holding that "the excuse given for the late filing must have the greatest import."); see In re Kmart Corp., 315 B.R. 718, 723 (N.D.Ill. 2004) ("[T]he would-be appellant must demonstrate unique or extraordinary circumstances" that caused Builders to not file a notice of appeal in the time frame established by Rule 8002(a).); In re Davenport, 342 B.R. 482, 497 (Bankr.S.D.Tex. 2006)

Builders asserted the reason for its lapse was the fact that Builders' counsel

AO 72A
(Rev. 8/82)

assumed at that time that "[t]here was no question the trial was going forward, and it would have concluded before the appeal would have even been docketed. Thus, the issue of seeking relief to initiate a declaratory judgment action was moot." After the notice period lapsed, Builders argues "a strange turn of events occurred the day before [the state court] trial" and the state court granted a continuance. Motion, Dckt.No. 124, pg. 7.

   Builders' explanation does not warrant relief. Believing that the underlying state court litigation was going to occur on a specific date does not constitute a unique or extraordinary circumstance. The potential for delay in any court proceeding is entirely foreseeable, and the mere filing of a notice of appeal, in order to secure its right to appeal if the state court litigation was postponed, was entirely within the control of Builders. *See* In re Davenport, 342 B.R. at 503 (The attorney claimed that the failure to file a notice of appeal was due to the attorney's inability to check the status of the case, the attorney's presence in another trial, and the attorney's lack of staff. The court rejected this argument stating that "all of these factors were within the [attorney's] reasonable control" and thereby did not constitute excusable neglect.). Thus "[o]n balance, the Court finds that the non-movant's right to rely on the finality of the Court's Order after the 10-day appeal period has run is more compelling. Hence, a balancing of the equities favor the non-movant in this case." Pogge v. Niederer (In re Niederer), 1996 WL 33406609, at *3 (Bankr.C.D.Ill. Aug. 28, 1996).

13

In this case, filing of a notice of appeal, which is a simple form notice, in order to preserve Builders' appeal rights would have been the proper action if it wished to preserve the right to appeal in the event of a continuance. Making certain this Court had not ruled prior to advising Judge Coolidge otherwise, or revealing what Builders may have known but not shared with Karp's counsel, would have been in keeping with its professional obligation. The failure of Builders to do either of these illustrates that its neglect was not excusable. Indeed, either effort would have been less onerous to counsel, this Court, or the State Court of Chatham County than filing this tedious and verbose motion on dubious, if not entirely frivolous, grounds.

However, relying on In re Bli Farms, 294 B.R. 703, 706 (Bankr.E.D.Mich. 2003), Builders asserts that if the other three Pioneer factors weigh in favor of granting the motion to extend, then this Court should grant Builders' motion regardless of the reason it gives for its neglect. I disagree. Even if, as Builders claims, there were no prejudice to Debtor and minimal delay that resulted from counsel's failure to file Builders' notice of appeal, "the excuse given for the late filing must have the greatest import." Lowry, 211 F.3d at 463; see United States. v. Torres, 372 F.3d 1159, 1162-63 (10th Cir. 2004)(Although three of the four Pioneer factors weighed in favor of finding excusable neglect, the court found no excusable neglect because the reason for the delay was the most important factor and weighed heavily in favor of finding no excusable neglect.); see also In re Wechsler, 246 B.R. 490, 494-95 (S.D.N.Y. 2000); In re Gardner, 2007 WL 1577862, at *2 (Bankr.N.D.Tex. May

14

31, 2007).

Builders establishes only that it made a voluntary election not to file a notice of appeal based on the erroneous assumption that the state court litigation would conclude before the appeal was finalized. Builders' argument is not sufficient to establish excusable neglect nor that the delay was beyond its control. It is also doubtful that Builders could establish good faith in light of the fact that the delay in that proceeding which is now the excuse for seeking extraordinary relief here was foisted by Builders upon Mrs. Karp, her counsel, and Judge Coolidge, none of whom had full disclosure of the facts when the State Court continuance was granted.

O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Builders' Motion for Reconsideration or in the alternative To Extend Time to Appeal is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 19th day of December, 2008.

AO 72A
(Rev. 8/82)